UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY GHEE,

                             Plaintiff,        9:20-CV-0218
                                                (GTS/CFH)
    v.

MICHAEL KIRKPATRICK and JOHN DOE,

                             Defendants.

APPEARANCES:

JEFFREY GHEE
Plaintiff, pro se
19-A-0228
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

**I.**    **INTRODUCTION**

On or about February 27, 2020, pro se plaintiff Jeffrey Ghee ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a complaint. Dkt. No. 1. Plaintiff thereafter filed an application to proceed in the action in forma pauperis ("IFP") and an amended complaint. Dkt. Nos. 3, 6. On May 19, 2020, the Court issued a Decision and Order granting plaintiff's IFP application and dismissing the amended complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") without prejudice. Dkt. No. 7 ("May Order").

The Court permitted plaintiff to file a second amended complaint within 30 days of the

date of the May Order. May Order at 6-7, 8. Plaintiff has availed himself of the opportunity amend, and the Court received plaintiff's second amended complaint on or about June 3, 2020.[1] Dkt. No. 8 ("Second Am. Compl."). As defendants, the second amended complaint names Clinton Correctional Facility ("Clinton C.F.") Superintendent Michael Kirkpatrick and Clinton C.F. Recreation Program Leader John Doe.[2] *Id.* at 2. The Clerk has now forwarded the second amended complaint to the Court for review.

## II.   DISCUSSION

### A.   Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the May Order and will not be restated in this Decision and Order. May Order at 3-4.

### .   B.   Summary of the Second Amended Complaint

Although plaintiff is now incarcerated in a different facility, the events relevant to this action occurred while plaintiff was confined in Clinton C.F. and Franklin Correctional Facility ("Franklin C.F."). Second Am. Compl. at 4. The following facts are set forth as alleged by plaintiff in his second amended complaint.

On July 30, 2019, while plaintiff was confined in Clinton C.F., he was playing a softball game when his "right foot [became] stuck inside of a hole in the yard, which made [plaintiff] unable to avoid a collision with another inmate." Second Am. Compl. at 4. Plaintiff broke his

---

[1] Because the Court granted plaintiff leave to file a second amended complaint in the May Order, that amended complaint is now the operative complaint.

[2] The Clerk is respectfully directed to modify the docket to reflect that defendants Kirkpatrick and Doe are the defendants in this action and terminate State of New York Department of Corrections as a defendant.

right femur as a result of the collision. *Id.* Plaintiff underwent surgery to repair the broken bone, which included implanting a rod into his leg. *Id.* Although the surgeon requested a third follow-up appointment to assess plaintiff's progress, "the department of corrections" did not permit plaintiff to attend the appointment. *Id.* In or about February or March 2020, plaintiff saw an orthopedic at Franklin C.F., who recommended that plaintiff undergo "extensive, hands on therapy." *Id.* To date, plaintiff has not received that recommended treatment. *Id.* Plaintiff alleges that his condition is "getting wors[e]." *Id.* Plaintiff states that, "if [his] follow[-]up [appointment] was not denied by department of corrections, the specialist could [have] helped [him] before his leg got wors[e]." *Id.*

Liberally construed, plaintiff's second amended complaint asserts Eighth Amendment deliberate medical indifference claims against defendants Kirkpatrick and Doe. For a complete statement of plaintiff's claims, reference is made to the second amended complaint.

**C.     Analysis**

As noted in the May Order, plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

"Personal involvement of defendants in alleged constitutional deprivations is a

3

prerequisite to an award of damages under [Section] 1983."[3] *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").  In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

To the extent that any individuals are named as defendants in light of their capacities as supervisors, "vicarious liability is inapplicable to . . . [Section] 1983 suits." *Iqbal* 556 U.S. at 676.  Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[4]

---

[3] Plaintiff seeks only monetary damages in this action.  Second Am. Compl. at 4.

[4] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability.  *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal* ]
(continued...)

In this case, plaintiff's second amended complaint includes no allegations describing how defendants Kirkpatrick and Doe were personally involved in denying him the follow-up appointment with the surgeon or any other medical care.  The pleading only alleges that "the department of corrections denied the follow[-]up appointment" without specifying that any particular individual (including either of the defendants) was responsible for it.  Second Am. Compl. at 4.  The only mention of defendants Kirkpatrick and Doe is in the section of the second amended complaint that asks plaintiff to identify the defendants.  *Id.* at 2.  "Dismissal [of a complaint] is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."  *Cipriani v. Buffardi*, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-superintendent because the complaint "mention[ed him] only in the caption, and fail[ed] to allege any act or omission by [him]").  Because the complaint fails to allege the personal involvement of defendants Kirkpatrick and Doe in any alleged constitutional violation, any claims asserted against those individuals are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[4](...continued) may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)).  Absent any authority to the contrary, the Court has assumed that *Colon* still applies.

5

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall modify the docket to reflect that defendants Kirkpatrick and Doe are the defendants in this action and terminate New York State Department of Corrections as a defendant; and it is further

**ORDERED** that plaintiff's second amended complaint (Dkt. No. 8) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: July 27, 2020
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge